**Order entered April 9, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01739-CR

## MICHAEL PAUL BRIDWELL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the County Court at Law No. 1
### Grayson County, Texas
### Trial Court Cause No. 2011-1-0738

## ORDER

The reporter's record is overdue in this appeal. On March 21, 2013, we received a letter from court reporter Misty Skinner stating that appellant's attorney John Houston Nix informed her that appellant would not be pursuing the appeal. Because the Court did not have Mr. Nix listed as appellant's attorney, we sent him a letter inquiring about whether he is representing appellant and whether appellant intends to pursue the appeal. Mr. Nix responded on March 27, 2013 that he is not representing appellant. The Court has received no correspondence from appellant himself regarding the appeal.

Accordingly, we **ORDER** the trial court to make findings of fact regarding whether appellant has been deprived of the reporter's record because of ineffective counsel, indigence, or for any other reason.

- The trial court shall first determine whether appellant desires to prosecute the appeal. If the trial court determines that appellant does not desire to prosecute this appeal, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeal, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether appellant has retained counsel or intends to retain counsel for the appeal.

- The trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in this cause; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

We **ORDER** the trial court to transmit a supplemental record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order.

The appeal is **ABATED** to allow the trial court to comply with this order. It shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

/s/     LANA MYERS
        JUSTICE